UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DUSTIN WARNKE,<br><br>Defendant. | 3:19-CR-30150-RAL-1<br><br><br>OPINION AND ORDER GRANTING IN PART MOTION FOR REDUCED SENTENCE |

Defendant Dustin Warnke pleaded guilty to conspiracy to distribute a controlled substance, in violation of 18 U.S.C. §§ 841(a)(l), 841(b)(l)(A), and 846, and received a sentence of 174 months' imprisonment, followed by a 5-year term of supervised release. Docs. 59, 77. He is currently incarcerated at the Federal Prison Camp (FPC) Yankton and has an estimated release date of June 26, 2031. Doc. 100 at 2, 4. Warnke moves for a sentence reduction to 157 months' imprisonment under 18 U.S.C. § 3582(c)(2) and Part A of Amendment 821. Id. at 4. Although the Government agrees he is eligible for a sentence reduction, it opposes such a reduction and contends it is not warranted under the circumstances of this case. Doc. 102 at 2. For the reasons explained below, Warnke's motion is granted in part.

## I.    Legal Standard Governing Sentence Reductions Under Amendment 821

The Supreme Court explained in Dillon v. United States that sentence reductions under § 3582(c)(2) are governed by U.S.S.G. § 1B1.10 and must be consistent with the Sentencing Commission's applicable policy statements. 560 U.S. 817, 821 (2010). Although sentences are

1

ordinarily considered final judgments, 18 U.S.C. § 3582(c)(2) creates a limited exception for defendants whose guideline ranges have subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). When this exception applies, courts "may not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range produced by the substitution." United States v. Crow, No. 3:23-CR-30097, 2026 U.S. Dist. LEXIS 116599, at *2 (D.S.D. Mar. 2, 2026) (quoting Dillon, 560 U.S. at 821). Dillon directs courts to follow a two-step inquiry. 560 U.S. at 826–27. First, the court determines whether the defendant is eligible for a reduction and calculates the amended guideline range that would have applied had the amendment been in effect at the time of sentencing. See id. at 827; U.S.S.G. § 1B1.10(b)(1). Second, the court considers the applicable factors under 18 U.S.C. § 3553(a) to determine whether a reduction is warranted in whole or in part under the particular circumstances of the case. Dillon, 560 U.S. at 827; 18 U.S.C. § 3582(c)(2). Any reduction of sentence generally must not be below the minimum of the amended guideline range. Dillon, 560 U.S. at 826–27.

In Part A of Amendment 821 to the Sentencing Guidelines, the Sentencing Commission altered the "status points" provision regarding criminal history, which now appears in U.S.S.G. § 4A1.1(e). The amended provision states: "Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. § 4A1.1(e). The Commission made this amendment retroactive on August 24, 2023. United States v. Rosenblum, No. 3:23-CR-30010, 2024 U.S. Dist. LEXIS 124021, at *4–5 (D.S.D. July 11, 2024) (citing U.S.S.G. § 1B1.10(e)(2) (Nov. 1, 2023)). As a result, defendants with six or fewer criminal history points no longer receive status points.

United States v. Grant, No. 3:21-CR-30118, 2024 U.S. Dist. LEXIS 201405, at *2 (D.S.D. Nov. 4, 2024).

## II. Discussion

### A. Warnke's Eligibility for Relief Under Amendment 821

The first step of the Dillon analysis considers whether Warnke is eligible for relief and calculates the amended advisory guideline range. Dillon, 560 U.S. at 827; U.S.S.G. § 1B1.10(b)(1). At the time of sentencing, Warnke's guideline range, based on a Total Offense Level of 33 and a Criminal History Category of III, was 168 to 210 months' imprisonment. Doc. 69 ¶ 108; Doc. 100 at 1. Warnke's criminal history calculation included two status points because Warnke committed the offense while under a sentence for receiving stolen property for a total criminal history score of four points. Doc. 69 ¶ 65; Doc. 102 at 1. This Court sentenced him to 174 months' imprisonment, 6 months above the bottom of the guideline range. Doc. 77; Doc. 100 at 4. Under Amendment 821, Warnke no longer receives the two status points because his total criminal history score was less than seven, which reduces his criminal history score and places him in Criminal History Category II. Id. Warnke's amended advisory guideline range is now 151 to 188 months' imprisonment. Id. Because Amendment 821 lowered Warnke's applicable guideline range, he is eligible for consideration of a sentence reduction under § 3582(c)(2), which the Government does not dispute. Doc. 102 at 3.

### B. Section 3553(a) Factors and Post-Sentencing Conduct

Although Warnke is eligible for consideration of a sentence reduction under Amendment 821, eligibility alone does not entitle him to relief; the Court must also consider the factors outlined in 18 U.S.C. § 3553(a), as the second step required by the Dillon test, to determine in its discretion whether the reduction is warranted in whole or in part. 560 U.S. at 827; United States v. Tollefson,

853 F.3d 481, 485 (8th Cir. 2017). These factors include the nature and circumstances of the offense, the history and characteristics of the defendant, the advisory guideline range, the need to avoid unwarranted sentencing disparities, and the need for the sentence imposed to reflect the interests of punishment, deterrence, and protection of the public. See 18 U.S.C. § 3553(a).

Turning first to the nature and circumstances of the offense, in 2018 and 2019, Warnke was involved in a conspiracy to distribute methamphetamine involving substantially more than 500 grams of methamphetamine. Doc. 56 at 1. Warnke purchased large quantities of methamphetamine in Minnesota and obtained methamphetamine at times from Colorado and supplied several dealers in central South Dakota. Doc. 69 at 5–9. On January 4, 2019, South Dakota Highway Patrol stopped Warnke's vehicle in Pierre, South Dakota, and discovered Warnke had an active warrant in Minnesota. Id. ¶ 7. Officers found a loaded firearm in Warnke's possession. Id. Investigation revealed that Warnke had various guns in his possession during the time he was supplying dealers in central South Dakota with methamphetamine. Id. at 5–9. As noted above, Warnke committed the offense while under a state sentence for receiving stolen property. Id. ¶ 65; Doc. 102 at 1. Warnke was subsequently charged with and pleaded guilty to conspiracy to distribute more than 500 grams of methamphetamine. Docs. 1, 55, 59. This Court's sentence of 174 months' imprisonment, 6 months above the bottom of the advisory guidelines, reflected the seriousness of the offense. Doc. 77. Although the Government does not dispute Warnke's eligibility for a sentence reduction, it opposes a sentence reduction based on the nature and circumstances of the offense, including Warnke's leadership role in the conspiracy, possession of a firearm, use and distribution of controlled substances, and travel across state lines to obtain methamphetamine. Doc. 102 at 7. The Government argues that the nature and circumstances of

Warnke's offense demonstrate that he continues to pose a risk to public safety. Id. at 7–8. See also United States v. Darden, 910 F.3d 1064, 1067 (8th Cir. 2018).

This Court next considers Warnke's history and characteristics. Warnke had a difficult upbringing. He was raised by his mother until he was three, and then with his father and grandfather for most of his youth. Doc. 69 ¶ 82. He learned the value of hard work early on a dairy farm but was back and forth between parents during his youth. Id. Warnke began alcohol use as a teen. Id. ¶ 92. He dabbled with other drugs and used methamphetamine regularly during the time of the conspiracy. Id. ¶¶ 93–96. Warnke's criminal history is adequately accounted for in the guideline range, but it is noteworthy that Warnke had a seven-year break in any criminal conduct between 2007 and a conviction for driving under the influence in 2014, and then another four years of lawful behavior until the receiving stolen property conviction. Id. ¶¶ 59–61.

In evaluating whether a sentence reduction is warranted, a court may consider post-sentencing conduct. See Darden, 910 F.3d at 1067 ("[N]othing prohibits a court from considering new facts that it had no opportunity to address the first time around."); U.S.S.G. § 1B1.10 cmt. n.1(B)(iii) ("[T]he court may consider post-sentencing conduct of the defendant . . . ."). Such conduct may inform both whether a reduction is appropriate and the extent of any reduction, subject to the limitations of § 1B1.10(b). The Government opposes a sentence reduction because of Warnke's disciplinary history, Doc. 102 at 5–6, while Warnke contends that his conduct while incarcerated demonstrates that he presents a low risk to public safety, Doc. 100 at 5.

During Warnke's incarceration, he has incurred three disciplinary sanctions, which the Government cites as a basis for opposing a sentence reduction because of his risk to public safety. Doc. 102 at 5–6. In September 2021, he was sanctioned for disrupting phone monitoring, in March 2023, he was sanctioned for interfering with secrecy devices, and in October 2025, he was

5

sanctioned for possession of a vape and a cellphone charger. Id. at 6. None of these disciplinary infractions involved violent conduct, and Warnke notes that he has already received the penalties deemed appropriate by the Federal Bureau of Prisons (BOP) for each violation. Doc. 105 at 2. Since 2025, Warnke has not incurred any further disciplinary sanctions, and he is considered low risk. Id.

Meanwhile, as of May 1, 2026, Warnke's progress report shows that while incarcerated at FPC Yankton, he has served for approximately fifteen months in a leadership role within the prison's horticulture work detail, where he coordinated community service projects. Doc. 100-1. He has also been accepted as a student at Mount Marty University and plans to pursue an associate's degree in horticulture. Id. In addition, Warnke is enrolled in the U.S. Department of Labor's Landscape Technician Apprenticeship Program, through which he has logged 2,310 hours. Id. He completed a certification course and earned an EPA automotive refrigerant certification. Id. These efforts suggest a commitment to personal growth while in BOP custody. Id.

This Court next considers the need for the sentence imposed to reflect punishment, deterrence, respect for the law, and protection of the public in determining whether a reduction is warranted. See 18 U.S.C. § 3553(a)(2). The question becomes whether the original sentence of 174 months is now greater than necessary or continues to properly reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, to afford adequate deterrence, and to protect the public in light of the amended advisory guideline range. See 18 U.S.C. § 3553(a)(2)(A)–(C). A sentence reduction is appropriate only if the resulting sentence remains "sufficient, but not greater than necessary," to satisfy the purposes of sentencing. See Pepper v. United States, 562 U.S. 476, 491 (2011) (quoting 18 U.S.C. § 3553(a)(2)). The Government argues

6

that these sentencing objectives continue to support the original sentence and asks that the sentence remain unchanged. Doc. 102 at 7–8.

The Court next considers the need to avoid unwarranted sentencing disparities under § 3553(a)(6). Sentencing within a guideline range typically avoids sentencing disparities, though the Judiciary Sentencing Information (JSIN) data for similarly situated defendants sentenced under U.S.S.G. § 2D1.1 helps in seeing what the average and median sentences are for those in the same offense level and criminal history category. The data reflect an average sentence of 115 months' imprisonment and a median sentence of 120 months' imprisonment, see Judiciary Sentencing INformation (JSIN), USSC, https://jsin.ussc.gov/analytics/saw.dll?Dashboard (last visited June 23, 2026), which is too low for Warnke's offense, given his leadership role, possession of firearms in the conspiracy, and interstate travel to supply large quantities of methamphetamine to central South Dakota.

At the time of sentencing, Warnke's guideline range was 168 to 210 months' imprisonment. Doc. 69 ¶ 108; Doc. 100 at 1. Under Amendment 821, Warnke's amended advisory guideline range decreases to 151 to 188 months' imprisonment. Doc. 100 at 1. Warnke's argument presumes that this Court would reduce the sentence to 6 months above the bottom end of the reduced guideline range, akin to the prior 174-month sentence being 6 months above the 168-month bottom end of the original range. The Government counters that "[r]eleasing Warnke early would undermine the careful balancing of the § 3553(a) factors originally conducted by this Court." Doc. 102 at 8. Warnke argues that because the Sentencing Commission, acting pursuant to its congressional authority, has lowered the applicable guideline range, the Court should reduce his sentence proportionately to maintain the same relative position within the amended range to avoid sentencing disparities. Doc. 105 at 3–4.

After considering the amended guideline range, Warnke's post-sentencing conduct, and the factors outlined in 18 U.S.C. § 3553(a), this Court determines that those factors support a reduction. Considering the lower guideline range and the § 3553(a) factors as a whole, this Court reduces Warnke's sentence to 160 months' imprisonment. Such a sentence is "sufficient, but not greater than necessary," to comply with the sentencing purposes outlined in Pepper. 562 U.S. at 491 (quoting 18 U.S.C. § 3553(a)(2)). Warnke's five-year term of supervised release and conditions thereof will remain unchanged.

## III.   Conclusion

Accordingly, it is

ORDERED that Warnke's motion for reduction in sentence, Doc. 100, is granted in part. It is further

ORDERED that the United States Probation Office is directed to prepare an amended judgment reflecting Warnke's reduced sentence of 160 months' imprisonment, followed by the previously imposed 5-year term of supervised release.

DATED this 26th day of June, 2026.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE